UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRACY SIMERI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-699 JD |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Tracy Simeri filed this action seeking review of the denial of her claim for disability benefits. She argues that she is disabled due to fibromyalgia, depression, and anxiety, among other conditions, and that the Commissioner's decision to the contrary was unsupported. For the following reasons, the Court remands this action to the Commissioner for further proceedings.

### I. FACTUAL BACKGROUND

Tracy Simeri suffers from fibromyalgia, which causes her to experience tenderness and pain throughout her body. She has also been diagnosed with depression and anxiety. She applied for social security disability benefits, claiming that these conditions left her unable to work. After holding a hearing, an administrative law judge concluded that Ms. Simeri did have severe impairments. The ALJ also found that Ms. Simeri had "moderate difficulties" with regard to concentration, persistence, or pace, but that she did not satisfy a listing. The ALJ thus formulated Ms. Simeri's residual functional capacity, finding that she could perform light work as long as she could alternate sitting, standing, and walking, and that she was limited to performing simple, routine tasks, among other limitations. Based on the testimony of a vocational expert, the ALJ found that Ms. Simeri would be unable to perform her past work, but that she could perform

other jobs that exist in substantial numbers, including working as a route clerk or an usher or greeter. Accordingly, the ALJ concluded that Ms. Simeri was not disabled. The Appeals Council denied review, so Ms. Simeri filed this action seeking a reversal of that decision.

## II. STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). This Court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In this substantial-evidence determination, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to his or her findings. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). Consequently, an ALJ's decision cannot stand if it lacks evidentiary

support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539. While the ALJ is not required to address every piece of evidence or testimony presented, the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

### III. STANDARD FOR DISABILITY

Disability benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step sequential evaluation process to be used in determining whether the claimant has established a disability. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;
2. Whether the claimant has a medically severe impairment;
3. Whether the claimant's impairment meets or equals one listed in the regulations;
4. Whether the claimant can still perform relevant past work; and
5. Whether the claimant can perform other work in the community.

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations, disability is acknowledged by the Commissioner. 20 C.F.R. § 404.1520(a)(4)(iii). However, if a listing is not met or equaled, then in between steps three and four, the ALJ must then assess the claimant's residual functional capacity, which is defined as the most a person can do despite any physical and

mental limitations that may affect what can be done in a work setting. 20 C.F.R. § 404.1545. The ALJ then uses the residual functional capacity to determine whether the claimant can perform his or her past work under step four and whether the claimant can perform other work in society at step five. 20 C.F.R. § 404.1520(e). The claimant has the initial burden of proof in steps one through four, while the burden shifts to the Commissioner in step five to show that there are a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

## IV. DISCUSSION

Ms. Simeri offers multiple arguments in support of reversal. She argues that the ALJ erred in concluding that she did not meet a listing at step three. She also argues that the ALJ committed a number of errors in formulating her residual functional capacity for purposes of step five. She also argues that the ALJ erred in relying on the testimony of a vocational expert on the number of positions that exist for various jobs. The Court need only address one of Ms. Simeri's arguments—that the ALJ failed to account for her moderate limitations in concentration, persistence, and pace in formulating her residual functional capacity. That error is plain and requires reversal regardless of the merit of any additional arguments. In addition, Ms. Simeri does not seek an outright award of benefits, nor would any of her remaining arguments support such an award. Thus, the Court need not reach the remaining arguments, though the parties are free to consider them on remand.

A claimant's residual functional capacity "must incorporate all of the claimant's limitations supported by the medical record." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). That includes any deficiencies a claimant may have in concentration, persistence, or pace. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Varga*, 794 F.3d at 814 (stating that an ALJ "must incorporate *all* of the claimant's limitations supported by the medical record—including

4

moderate limitation in concentration, persistence, and pace"). As the Seventh Circuit and the Social Security Administration have recognized, deficiencies in those areas can manifest in a number of different ways for different plaintiffs, and can affect not only the complexity of tasks a claimant is able to perform, but their ability to stick with a given task and to do so over a sustained period. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010); SSR 85-15, 1985 WL 56857 (1985) (emphasizing "the importance of thoroughness in evaluation on an individualized basis"). In many cases, however, ALJs have attempted to address such deficiencies by limiting a claimant to simple, repetitive work. In those cases, the Seventh Circuit has "repeatedly rejected" the notion that "'confining the claimant to simple, routine tasks" adequately accounts for limitations in concentration, persistence, and pace. *Varga*, 794 F.3d at 814–15 (collecting cases); *accord Yurt*, 758 F.3d at 858–59; *Warren v. Colvin*, 565 F. App'x 540, 544–45 (7th Cir. 2014); *O'Connor-Spinner*, 627 F.3d at 620 ("[L]imiting a hypothetical to simple, repetitive work does not necessarily address deficiencies of concentration, persistence and pace."); *Stewart v. Astrue*, 561 F.3d 679, 684–85 (7th Cir. 2009).

Here, the ALJ found that Ms. Simeri had "moderate difficulties" in concentration, persistence, or pace. However, the ALJ only accounted for those deficiencies in Ms. Simeri's residual functional capacity by stating that she was "limited to perform simple, routine tasks." (R. 25). That is the same limitation the Seventh Circuit has repeatedly rejected as insufficient. The Commissioner attempts to defend the ALJ's decision by noting that the ALJ also stated that Mr. Simeri's "time off task could be accommodated by normal breaks." *Id.* That is not a limitation, but a decision not to impose a limitation. As a result, the only limitation in Ms. Simeri's residual functional capacity that could reflect her difficulties in concentration, persistence, and pace is that she is limited to "simple, routine tasks"—the same limitation the

Seventh Circuit has repeatedly rejected. Accordingly, this argument does not meaningfully distinguish the Seventh Circuit's many cases on this issue.

In addition, the Commissioner's argument reflects a deeper flaw in the ALJ's decision—that it never articulates why or how the ALJ concluded that Ms. Simeri had moderate difficulties in this area or why the residual functional capacity accounts for those difficulties. The ALJ concluded at step two that Ms. Simeri had "moderate difficulties" with regard to concentration, persistence or pace. However, the ALJ's discussion of that category only addressed the evidence showing that Ms. Simeri *was not* inhibited in that respect, noting that she was able to drive, cook, follow a recipe, understand basic commands, and recall her medical history. (R. 25). That discussion might serve to show that Ms. Simeri's difficulties were only moderate, as opposed to marked. But without explaining why Ms. Simeri *does* have difficulties in that area, the Court has no way to assess whether the ALJ adequately accounted for those difficulties in the residual functional capacity. The ALJ noted later in the decision that the agency psychological consultants concluded that Ms. Simeri had no severe mental impairments, and the ALJ discounted those opinions because the "record as a whole shows that the claimant has moderate difficulties in maintain concentration, persistence or pace due to anxiety and depression." (R. 27). But again, the ALJ offered no further explanation for that conclusion. In addition, other than stating in the residual functional capacity itself that Ms. Simeri was limited to perform simple, routine tasks, the ALJ's decision never acknowledges that limitation or explains how it derives from any of Ms. Simeri's symptoms (or perhaps the effects of her medications). Nor does the decision ever explain how much time Ms. Simeri would be off task or why any limitations she has in that respect would be accommodated with no more than normal breaks.

In sum, the ALJ's decision does not contain the requisite logical bridge from the evidence to its conclusion. *Craft v. Astrue*, 539 F.3d 668, 677–78 (7th Cir. 2008) (remanding due to the absence of "an 'accurate and logical bridge' between the ALJ's recitation of the mental medical evidence and the decision to account for [the claimant's] mental impairments by limiting him to unskilled work"). The decision concludes without explanation that Ms. Simeri has moderate difficulties in concentration, persistence, or pace, and then asserts, likewise without explanation, that she was limited to performing simple, routine tasks (and needed no more than normal breaks). Without any explanation to bridge those gaps, and in light of the Seventh Circuit's holdings that a limitation to simple, routine tasks cannot be reflexively applied to account for these difficulties, the Court cannot find that the residual functional capacity accounts for all of Ms. Simeri's limitations.

This error requires reversal, as the vocational expert's testimony addressed the residual functional capacity that the ALJ adopted, and there is no evidence whether any jobs would be available if the ALJ adopted additional limitations. Accordingly, the Court must remand this matter to the Commissioner for further proceedings. On remand, the parties may also address Ms. Simeri's arguments as to whether she meets a listing, as to whether other evidence in the record supports further functional limitations, and as to the reliability of any vocational expert testimony.

## IV.  CONCLUSION

The Court REVERSES the Commissioner's decision and REMANDS this matter to the Commissioner for further proceedings consistent with this opinion. The Clerk is DIRECTED to enter judgment accordingly.

7

SO ORDERED.

ENTERED: October 15, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court